NEW PROCESS FERMENTATION Co. v. BALTZ.*

*(Circuit Court, E. D. Pennsylvania.   January 18, 1882)*

1. PROCESS FOR MAKING BEER—INFRINGEMENT

Letters patent No. 215,679, for a new and useful apparatus and improvement in processes for making beer, *held* not to be infringed by the use of the Guth patented bung after the casks are bunged, simply for the purpose of racking off the beer from the shavings casks and relieving them from the excessive pressure of carbonic acid gas.

Final Hearing on Pleadings and Proof.

Bill for injunction against infringement of letters patent No. 215,679, dated May 20, 1874, for a new and useful apparatus and improvement in processes for making beer.   The answer denied both the novelty and the infringement.   The evidence showed that in the manufacture of the beer after the casks containing the beer were bunged respondent used the bung patented by Henry Guth, in letters patent No. 225,368, for the purpose of racking off the beer from the shavings casks and relieving them from excessive pressure.   The principal question raised was whether, in using this bung, respondent infringed complainant's patent.

*Banning & Banning, F. W. Cotzhausen,* and *P. C. Dyrenforth,* for complainants.

*John Dolman,* for respondent.

McKENNAN, C. J.   Although the answer denies the validity of the patent on which this suit is founded, the respondent's counsel has confined his discussion of the case to the question of infringement, and that is the only question which we deem it necessary to consider.

The only proof in support of the allegation of infringement produced by the complainant is the testimony of Mathias Hoffman, but, unaided by the presumption arising from the absence of any proof on the other side, it could not be regarded as sufficient to acquit the complainant of the burden which rests upon it.   It is answered fully, however, by the testimony of John Birkenstock.   From 1873 to 1879 he was assistant foreman at the respondent's brewery, and after the latter date was the brewer.   He had responsible charge of the manufacture of beer, and the whole process was conducted under his supervision and direction.   He distinctly negatives the use of any part of the process described and covered by the complainant's patent.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

The patented process provides for the treatment of beer when it is in the Krauesen stage by holding it under automatically controllable pressure of carbonic acid gas by appropriate mechanical devices. When this stage ends the process is fully accomplished, and, in the understanding of the trade, the Krauesen stage terminates when the casks containing the liquid are bunged.

Now, although it is admitted that the respondents use the .Guth patented bung, by means of which the complainant's process may be practiced, yet it is satisfactorily shown by all the evidence that it is not used as long as the beer works out of the bung-hole of the shavings casks, but only when the casks are bunged, and so when the patented process is, by its express limitation, inapplicable. And this bung is not even then used to produce any result contemplated by the complainant's process, but only in racking off the beer from the shavings casks, and as a means of relieving them from an excessive pressure of carbonic acid gas.

We are, therefore, of opinion that the respondent is not shown to have used the complainant's process, and so to have infringed its patent, and that the bill must be dismissed, with costs.